IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TRENNIS SWIMS,

    Petitioner,

vs.

DEBORAH HICKEY, Warden,

    Respondent.

CIVIL ACTION NO.: CV208-112

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Trennis Swims ("Swims"), who is not currently incarcerated, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Swims' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Swims was sentenced to 18 months incarceration for the crime of deprivation of rights under color of law by the Western District of Tennessee. Swims filed the instant petition while incarcerated at the Federal Correctional Institution in Jesup, Georgia. In his habeas petition, Swims sought to be placed at another Residential Reentry Center ("RRC") after he was denied placement to the RRC assigned by the Board of Prisons due to limited spacing. Swims further sought a six month reduction to enter the RRC. (Doc. No. 1, p. 4).

Respondent contends that Swims failed to exhaust his administrative remedies. (Doc. No. 6, p. 4). Respondent asserts that there is no statutory requirement that an inmate be placed in RRC. (Id. at 9). Respondent further asserts that the Board of

Prisons has the exclusive authority to delegate the place of an inmate's confinement. (Id. at 10).

## DISCUSSION AND CITATION TO AUTHORITY

The jurisdiction of the federal courts to entertain a petition for habeas corpus hinges on whether the petitioner's challenge is moot. Article III, Section 2 of the Constitution requires a live case or controversy, meaning that, throughout the litigation, the petitioner must have "suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472 (1990). Where an incarcerated petitioner challenges his confinement, this case or controversy requirement is always met because incarceration itself constitutes actual injury. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration of parole - some 'collateral consequence' of the conviction - must exist if the suit is to be maintained." Id. The Supreme Court has previously been willing to presume that such collateral consequences remain after the expiration of a petitioner's sentence where it is the legality of the conviction that is challenged. Cafaras v. LaVallee, 391 U.S. 234, 237-238 (1968); Sibron v. New York, 392 U.S. 40, 55 (1968). However, where a petitioner is challenging only the legality of his sentence, rather than the underlying conviction itself, this presumption no longer applies. Lane v. Williams, 455 U.S. 624, 632 (1982); Spencer, 523 U.S. at 14. Release from custody renders the habeas action moot unless the petitioner can show the existence of some collateral consequences arising upon the expiration of his sentence. Spencer, 523 U.S. at 14.

In the instant case, Swims sought relief in the form of placement into an RRC and a six month reduction to enter the RRC. He challenged only the legality of his sentence, not the underlying conviction for which he was incarcerated. Because Swims was released on February 27, 2009, there is no longer a live case or controversy to be litigated in this Court. A decision on the merits in Swims' favor would entitle him to no additional relief, and thus he no longer has a personal stake in the outcome. Swims is not threatened with any actual injury that could be redressed by a favorable judicial outcome. See Lewis, 494 U.S. at 477. Furthermore, Swims has failed to assert any collateral consequences or give any reason why his petition should not be dismissed as moot. See Spencer, 523 U.S. at 14.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Swims' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of July, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE